FILED
JUN 1 9 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BETTY JEAN TURNER
3273 AMAZON LANE
LAUREL, MD 20724
240-354-7096

Case: 1:07-cv-01105
Assigned To : Urbina, Ricardo M.
Assign. Date : 6/19/2007
Description: Employ. Discrim.

JURY ACTION

VS.

MR. MICHAEL CHERTOFF, SECRETARY
DEPARTMENT OF HOMELAND SECURITY
OFFICE FOR CIVIL RIGHTS AND CIVIL LIBERTIES
WASHINGTON, DC 20528

# COMPLAINT

Comes now, time to respond to the Agency's Decision dated March 19, 2007. The Department of Homeland Security's decision does not provide the relief sought by the Plaintiff for the March, 2005 formal complaint which still does not address the continued retaliation experienced since January 5, 2004 when Ms. Turner returned to the Agency based upon a Settlement Agreement dated December 13, 2003, after the Agency proposed removal of the plaintiff on the basis of performance which had no merit.

After Ms. Turner returned to the Agency in January, 2004, she only found that the agency continued retaliation against her for participating in the protected activity, and also found that they wanted to prevent her from future employment and promotion opportunities as before.

1. In August, 2004, when Ms. Turner found several copies of the referenced proposed Removal in her Official Personnel File (OPF), which had been there since January, 2004, she knew that the Agency did not intend for her to get promoted or employed permanently. When she asked a Personnel Representative to make copies of what she found, the Coast Guards Personnel Office representative said that a copy could not be made immediately, because he was the only one there that could copy it, and that it would have to wait until the end of the day (seven hours later) because he was busy working on a project. While Plaintiff waited in her office for the copies to be duplicated, a personnel representative removed the one referenced proposed Removal which was signed in red ink and its references from the paper-clipped papers that she left to be copied. Although the Administrative Judge found the agency liable after Ms. Turner filed an Enforcement Action with the MSPB, two of three Board members did not agree.

Perhaps Ms. Turner should have asked for the Administrative Judge's (AJ) re-review of the Agency, but she took another route in discontent and filed an appeal with the U.S. Court of Appeals instead, which she later did not follow through with simply because she had the other part of the mixed case (for retaliation) going with the EEOC.

2. After Ms. Turner filed an initial informal complaint in August, 2004 with the Coast Guard's EEO office because she felt that the agency retaliated when the copies were purposely left in the file, which prevented her from

promotion and employment opportunities, the EEO office did not want to take the complaint at first because they felt that it was out of their jurisdiction, even though Ms. Turner felt it was a mixed case and told them so; they did not want to accept the case until November, 2004 when she filed again, and an informal investigation was done. Ms. Turner did not receive a counselor's report from the Agency's EEO office until around September, 2006 regarding that complaint; almost two years later. Their EEO Counselor, Mr. Vernon _____ found that the agency's personnel office was not keeping records of who called to verify information regarding an Official Personnel Folder (OPF).

3. Ms. Turner filed a formal complaint with the EEOC in March, 2005 because the Agency did not comply with its EEO policy, and more than 120 days had expired without a response to Ms. Turner. Accordingly, Ms. Turner filed a formal complaint with the EEOC, which included additional retaliatory accounts from two new Coast Guard employees that became her supervisors after six months that she returned to the Coast Guard and she later learned that they had close ties, and friendship with the formal supervisors that Ms. Turner had filed a previous action and a discrimination complaint in fiscal year 2000 and a retaliation complaint in 2002. She listed their retaliatory actions in the formal complaint.

4. The complaint was finally accepted by the EEOC, and given a Case Number, but dismissed for mixed case jurisdiction in June 2006, until a determination of correct jurisdiction was rendered by the MSPB. An

appeal to that action was then filed with the MSPB, and they also questioned jurisdiction and found that they did not in fact, have jurisdiction.

5. A few days later, the Agency sent a final decision to Ms. Turner in March 2007 with a right to sue letter (again almost two years later), and tried to falsify the delivery date to the Plaintiff. The Agency again did not accept and comply with their formal investigation in a timely manner, and finally sent a Counselor's Report around August 2006 after the informal complaint was filed again in November 2004. The U.S. Coast Guard does not take complaints seriously.

6. The Coast Guard finally presented a formal complaint form with a Notice of Responsibilities to Ms. Turner on March, 2005 (four months after the informal complaint). However when Ms. Turner ask if she needed to fill out the paperwork since she had already sent the EEOC a formal complaint request in letter form, Mr. Jerry Jones, the EEO Director told her "no", she did not need to fill out the EEO formal complaint paperwork again, because she had already filed. So, Ms. Turner did not.

7. The Agency since then has only tried to concentrated on the proposed "Removal" documents in Ms. Turner's OPF, and has purposely omitted the continued retaliation that occurred, and that she has sought relief from. The EEO office at the Coast Guard whom Ms. Turner believed was a neutral office, and would give her sound advice about the paperwork

presented, did not give her dependable information, and again mislead her to save the agencies employees that retaliated against her in 2004; namely, Mr. Pat Hannifin, and CDR Dan Christovich.

8. Prior to that time, and several years ago, a complaint was filed against LCDR William Burns in 2000, and again in 2002 when he continued to retaliate. She found that the second level supervisor, the then CDR Curtis Dubay allowed and endorsed the retaliation by allowing it to continue after she told him about it.

9. Soon after that discussion, Ms. Turner was faced with a proposed removal for no apparent reason in January 2003. The reason was for performance which she has never had problems with throughout her 20 year work history. Nor during her five year work history with the Coast Guard.

10. After Ms. Turner responded to Captain Lancaster (Office Chief) about the proposed removal, and after having previous conversations about the Performance Improvement Plan that only had new duties and responsibilities, that indicated to her that the Performance Plan was set up for failure, she was removed. The case was later heard by the MSPB.

11. Ms. Turner settled with the agency to return to work in a Temporary Appointment in January 2004, after the forceful advisement of her attorney, who later may have sought a pay off from the Agency in the amount of $13,000 for doing so.

12. After returning to work, Ms. Turner maintained an Exceeds rating for high productivity and efficiency under a different supervisor who was there for only six months.

13. In June 2004, a Mr. Hannifin became Ms. Turner's second level supervisor, and a CDR Dan Christovich, her first level supervisor. Ms. Turner learned that then CDR Hannifin (Commanding Officer) worked directly for the then promoted CAPT Dubay (Executive Officer), at the Navigation Center, US Coast Guard, Alexandria, VA as his "right hand man".

14. Shortly after the then retired CDR Hannifin became Ms. Turner's supervisor, CAPT Dubay sent an Enlisted Officer to her office for Mr. Hannifin's Performance Evaluation to rate and grade his previous performance while serving under him.

15. Also, CDR Christovich she found was a golfing buddy of CAPT Lancaster's. He also became Ms. Turner's first level supervisor after six months. In fact, he exchanged positions with Ms. Turner's formal supervisor, CDR Rambo who went to work for the Office of Budget Execution where Mr. Lawrence Davis was the Director. Mr. Davis was named and relied upon as the person to provide Ms. Turner an accurate performance reference, if anyone should called in the MSPB Settlement Agreement because there were pervious attempts by the then, LT Burns to lie about Ms. Turner's performance. On one occasion, to a prospective employer a shown in the MSPB hearings.

16. After Mr. Hannifin and CDR Christovich became supervisors of Ms. Turner, they continued to try and find a performance failure from Ms. Turner's impeccable performance history. She found that they wanted to blemish her performance since they could not find anything wrong. In fact, after Admiral Hewitt, the Director of the Office of Information Technology observed Ms. Turner's performance after working closely with her for six months or more, he recommended to Mr. Hannifin that she be offered a Permanent position in the Resource Management office where she worked with him. He expressed that he would extended her temporary appointment until April 2005 until they made a permanent position for her. After Mr. Hannifin agreed, he later informed ADM Hewitt of Ms. Turner's previous complaint of 2000 and 2002, and she was later told to "wait and see if the MSPB Decision will make her Permanent "instead. Ms. Turner's temporary position came to an abrupt end in September, 2005. Also, the Coast Guard made a – historical first time decision in history - to cancel all temporary billets in December, 2004, which was after Ms. Turner's Enforcement Complaint in August, 2004.

17. Obviously, the Agency has continued to retaliate against Ms. Turner, and spent its time and resources to protect its employees that has tried to remove Ms. Turner illegally without the performance reason stated, and has ensured that she did not work at the Agency again in a permanent position.

18. In fact, the Agency had Ms. Turner to fill out a lengthy Background Investigation as part of her returning back to work in January 5, 2004, when she was not suppose to have been considered having a break in service. She was to be a transfer employee from one office to another. They only wanted to see if Ms. Turner's job removal of 9 months ruined her credit to further prevent her from employment and promotion especially when it comes to a job requiring a security clearance. The Coast Guard saw the error of their ways, and tried to keep the paperwork contained until after Ms. Turner was let go in September 2005. Then in October 2005, they claimed to have finalized the investigation.

Therefore, after many of the mentioned incidences of retaliation against Ms. Turner, she deserves her **formal complaint of** March, 2005 **tried before a jury**, where she feels a fair hearing and decision will be rendered.

Additionally, Ms. Turner is seeking relief and wants to recover all that was lost from the very beginning when she first recognized the retaliation against her in 2002. She wants to be made whole and given her permanent position back, the pay and benefits taken from her for participating in the protected activity for which she clearly has been discriminated

and retaliated against; and the retirement benefit and any awards lost during her time away from the Coast Guard.   She is also seeking **compensatory and preculinary damages** in the amount of **$300,000.00** for stress imposed upon her by the agency which has caused long-term illnesses over a five-six year period.

If there are any questions or concerns, please feel free to call me on 240-354-7096.

Sincerely,

*Betty Jean Turner*

Betty Jean Turner
3273 Amazon Lane
Laurel, MD   20724
  240-354-7096



Office for Civil Rights and Civil Liberties
U.S. Department of Homeland Security
Washington, DC 20528

**Homeland Security**

*Betty Jean Turner v. Michael Chertoff,*
*Secretary, Department of Homeland Security*
Agency Number HS-05-USCG-000418

MAR 19 2007

---

## CERTIFIED MAIL
## RETURN RECEIPT REQUESTED

Betty Jean Turner
3273 Amazon Lane
Laurel, MD 20724

Dear Ms. Turner:

This is the Department of Homeland Security's (DHS) Final Decision on the above-identified complaint of employment discrimination you filed on March 8, 2005, with U.S. Coast Guard (USCG).

You alleged that you were reprised against from January 2004 through August 2004, because of your prior EEO activity when you became aware on August 9, 2004, of an allegedly negative action in your [Coast Guard] official personnel folder (OPF) [that] kept [you] from promotion and employment to a permanent position.

Title 29 of the Code of Federal Regulations (C.F.R.) §1614.107(a)(4) requires an agency to dismiss a complaint where the complainant has raised the matter in a negotiated grievance procedure that permits allegations of discrimination or in an appeal to the Merit Systems Protection Board (MSPB). Subsection 1614.302(b) states in part that an aggrieved person may initially file a mixed case complaint with an agency pursuant to this part or an appeal on the same matter with MSPB pursuant to 5 C.F.R. 1201.151, but not both.

The record shows that on March 25, 2003, you were removed from your position with USCG. You appealed the removal action to the Merit System Protection Board (MSPB), alleging race discrimination. Prior to the judge's decision, you and USCG entered into a settlement agreement under which USCG agreed to cancel the removal action and expunge any reference to the removal from your OPF, as well as give you a temporary appointment in the Office of Information Technology. Your temporary appointment began on January 5, 2004 and ended on September 30, 2005. On August 9, 2004, during a review of your OPF you allegedly discovered a handwritten and three printed references to your earlier removal, in breach of the settlement agreement.

On September 1, 2004, you filed a petition for the enforcement of the settlement agreement with MSPB alleging that the agency had breached the settlement. On September 14, 2004, you made initial contact with the EEO counselor, who conducted the initial interview on November 3, 2004.

The matter was not resolved by the EEO counselor and by letter dated March 30, 2005, you were issued the Notice of Right to File a Discrimination Complaint ("Right-to-File Notice"); received on April 1, 2005. You filed your formal complaint on March 8, 2005. By letter dated April 11, 2006, you were notified by USCG that your claim was accepted for investigation. The EEO investigation commenced on or about April 9, 2006. On June 23, 2006, MSPB issued its denial of your petition for enforcement based on its finding that the Agency was in compliance with the settlement agreement. Specifically, MSPB determined that the alleged references in your OPF were in fact documents that you had altered. On March 29, 2006, the Equal Employment Opportunity Commission (EEOC), Washington D.C. Field Office, received your request for a hearing, EEOC No. 570-2006-00237X. On October 12, 2006, EEOC dismissed your complaint for Mixed Case Jurisdiction as the "complaint…encompassed a claim (removal) that is appealable, and has been appealed to, the [MSPB], and is therefore subject to the "mixed case" procedures. *See* 29 C.F.R.§1614.302."

Inasmuch as you had initially elected to pursue this matter with MSPB, and MSPB issued a decision on your claim, the above identified complaint is hereby dismissed pursuant to 29 C.F.R. §1614.107 (a)(4). This letter constitutes the final action by the DHS on this complaint. If you are dissatisfied with this decision, you may file an appeal according to the instructions at Enclosure (1). The appeal form is at Enclosure (2).

Sincerely,

Carmen H. Walker
Deputy Officer
Equal Employment Opportunity Programs
Office for Civil Rights and Civil Liberties


Encl:  (1) Notice of Appeal Rights
       (2) EEOC Form 573

cc:    Assistant Commandant for Civil Rights
       U.S. Coast Guard
       Civil Rights Directorate
       2100 2nd Street, SW, Room 2400
       Washington, D.C. 20593


MJR

## NOTICE OF APPEAL RIGHTS

You have the right to appeal to the Equal Employment Opportunity Commission (EEOC) or to file a civil action in an appropriate United States District Court.

All time periods are given in calendar days. If a time period expires on a Saturday, Sunday or Federal holiday, you may file on the next business day. If an attorney represents you, the time periods begin to run from the date that your attorney receives this decision.

### FILING AN APPEAL WITH EEOC

You have the right to appeal this decision to EEOC within 30 days of the day you receive this final decision. File your appeal by mail addressed to:

**Director, Office of Federal Operations**
**Equal Employment Opportunity Commission**
**P.O. Box 19848**
**Washington, DC 20036**

Or by personal delivery to:

**Director, Office of Federal Operations**
**Equal Employment Opportunity Commission**
**1801 L Street, NW**
**Washington, DC 20507**

Or by facsimile to (202) 663-7022.

At the same time you file an appeal with EEOC, you must also send a copy of your appeal to:

**Deputy Director**
**Office of Civil Rights**
**United States Coast Guard**
**2100 2nd Street, SW, Room 2400**
**Washington, DC 20593**

And to:

**Department of Homeland Security**
**Office for Civil Rights and Civil Liberties / MS0800**
**245 Murray Lane, SW**
**Bldg 410**
**Washington, DC 20528**

# CERTIFICATE OF SERVICE

I hereby certify that the Final Order in the discrimination case on **_BETTY JEAN TURNER V. MICHAEL CHERTOFF SECRETARY, DEPARTMENT OF HOMELAND SECURITY_**, HS-05-USCG-00418   was sent via Certified mail, return receipt requested to:

**COMPLIANANT:**
BETTY JEAN TURNER
3273 AMAZON LANE
LAUREL, MD 20724

**DATE: MARCH 19, 2007**

**CERTIFIED MAIL #:**
7005-1820-0000-5832-1154

_For T. Davis_

TENEDIA DAVIS, EEO ASSISTANT
OFFICE FOR CIVIL RIGHTS & CIVIL LIBERTIES
DEPARTMENT OF HOMELAND SECURITY
WASHINGTON, DC 20528-5072

# PRIVACY ACT STATEMENT

(This form is covered by the Privacy Act of 1974. Public Law 93-597. Authority for requesting the personal data and the use thereof are given below.)

1. **FORM NUMBER/TITLE/DATE:** EEOC Form 573, Notice of Appeal/Petition, January 2001

2. **AUTHORITY:** 42 U.S.C. § 2000e-16

3. **PRINCIPAL PURPOSE:** The purpose of this questionnaire is to solicit information to enable the Commission to properly and efficiently adjudicate appeals filed by Federal employees, former Federal employees, and applicants for Federal employment.

4. **ROUTINE USES:** Information provided on this form will be used by Commission employees to determine: (a) the appropriate agency from which to request relevant files; (b) whether the appeal is timely; (c) whether the Commission has jurisdiction over the issue(s) raised in the appeal, and (d) generally, to assist the Commission in properly processing and deciding appeals. Decisions of the Commission are final administrative decisions, and, as such, are available to the public under the provisions of the Freedom of Information Act. Some information may also be used in depersonalized form as a data base for statistical purposes.

5. **WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION:** Since your appeal is a voluntary action, you are not required to provide any personal information in connection with it. However, failure to supply the Commission with the requested information could hinder timely processing of your case, or even result in the rejection or dismissal of your appeal.

---

Send your appeal to:

The Equal Employment Opportunity Commission
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

In your appeal to EEOC, you must state the date and method (for example, by certified mail or hand delivery) by which a copy of the appeal was sent to the Deputy Director, Office of Civil Rights, U.S. Coast Guard. You should use the attached EEOC Form 573, Notice of Appeal/Petition, to file your appeal. EEOC will dismiss your appeal if you do not file it within the time limits.

The original of any statement or brief in support of your appeal must be filed with EEOC, with a copy to the Deputy Director, Office of Civil Rights, U.S. Coast Guard, within 30 days of the date you file your appeal.

## FILING A CIVIL ACTION

You also have the right to file a civil action in an appropriate United States District Court within 90 days after you receive this final decision if you do not appeal to EEOC, or within 90 days after receipt of EEOC's final decision on appeal. You may also file a civil action after 180 days from the date of filing an appeal with EEOC if there has been no final decision by EEOC.

If your claim is based on age discrimination, the time limits noted above may not be applicable to you, especially if you are filing this civil action after giving EEOC not less than 30 days' notice of your intent to file such an action. Accordingly, you should consult an attorney if you desire further guidance regarding the timeliness of your case.

You must also comply with the following instructions:

(1) You must name Michael Chertoff, Secretary, Department of Homeland Security, as the defendant. Failure to provide his name and official title may result in dismissal of your case.

(2) If you decide to file a civil action and if you do not have, or cannot afford, the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend the time in which to file a civil action. Both the request and the civil action must be filed within 90 days of the date you receive the agency or EEOC final decision.

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
BETTY JEAN TURNER

88888

## DEFENDANTS
MR. MICHAEL CHERTOFF, SECRETARY
DEPARTMENT OF HOMELAND SECURITY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

3273 Amazon Lane
Laurel, MD 20724
240-354-7096

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-01105
Assigned To : Urbina, Ricardo M.
Assign. Date : 6/19/2007
Description: Employ. Discrim.

**JURY ACTION**

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ● 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ● 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(3)

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
EMPLOYMENT DISCRIMINATION AND RETALIATION (442)  42 USC 2000

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ 300,000.00  Check YES only if demanded in complaint
JURY DEMAND: YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 6/19/07  SIGNATURE OF ATTORNEY OF RECORD *Billy Jean Surge*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.