UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BETTY JEAN TURNER,** | ) |
| **Plaintiff pro se,** | ) |
| v. | ) C. A. No. 07-1105 (RMU) |
| **MICHAEL CHERTOFF, Secretary,** Department of Homeland Security, | ) |
| **Defendant.** | ) |

## ANSWER

**COMES NOW** Defendant Michael Chertoff, in his official capacity as Secretary of the United States Department Homeland Security (hereinafter referred to as "Defendant"), by and through the United States Attorney for the District of Columbia, and hereby answers the allegations brought against him in the Complaint filed by the Plaintiff Betty Jean Turner:

### FIRST DEFENSE

The Complaint contains certain claims upon which relief may not be granted.

### SECOND DEFENSE

Defendant reserves the right to amend its Answer should facts learned in discovery so warrant.  Defendant also reserve the right to assert any other matter that constitutes an avoidance or affirmative defense under Fed. R. Civ. P. 8(c).

### THIRD DEFENSE

Defendant denies each and every allegation in the Complaint except as may be expressly and specifically admitted.  Defendant responds to the numbered and unnumbered paragraphs and prayers for relief as follows:

  First Two Unnumbered Paragraphs.  Defendant denies the allegations in these paragraphs, as there was no discrimination or retaliation against the Plaintiff when she returned to the Agency as a GS-11 at the Coast Guard's Office of Information Technology in January 2005.

  1. In response to the allegations contained in paragraph 1, Defendant admits that Plaintiff had asked an employee of the Coast Guard's Civilian Personnel Office to copy some documents she had paper-clipped in her official personnel file, and the employee responded that he could not do so immediately but would make the copies for her later retrieval.  Defendant further admits that the MSPB's full board (in a 3-2 decision) found the Agency to be liable for neither discrimination or retaliation, nor to have breached the settlement agreement approved on December 22, 2003.  Defendant denies the remaining allegations of paragraph 1.

  2. In response to the allegations contained in paragraph 2, Defendant admits that Plaintiff consulted with an EEO counselor at the Agency and that she filed an EEO complaint after that consultation.  Defendant is without sufficient information to form a reasonable belief regarding the truth or falsity of the remaining allegations of this paragraph, and, therefore, they are denied.

  3. In response to the allegations contained in paragraph 3, Defendant admits that Plaintiff filed a formal EEO complaint with the Agency. Defendant is without sufficient information to form a reasonable belief regarding the truth or falsity of the remaining allegations of this paragraph, and, therefore, they are denied.

  4. In response to the allegations contained in paragraph 4, Defendant denies that the MSPB made a determination of correct jurisdiction, and avers that the MSPB determined that it

did not have jurisdiction with regard to Plaintiff's MSPB filing in December of 2006. Defendant admits the remaining allegations of this paragraph.

5. In response to the allegations contained in paragraph 5, Defendant admits that the Agency sent Plaintiff its final decision in March 2007. The remaining allegations of paragraph 5 are denied.

6. Defendant is without sufficient information to form a reasonable belief regarding the truth or falsity of the allegations contained in paragraph 6, and those allegations, therefore, are denied.

7. Defendant denies the allegations contained in paragraph 7.

8. Defendant is without sufficient information to form a reasonable belief regarding the truth or falsity of the allegations contained in paragraph 8, and those allegations, therefore, are denied.

9. Defendant denies the allegations contained in paragraph 9.

10. In response to the allegations contained in paragraph 10, defendant admits that the MSPB did hear several of Plaintiff's claims. Defendant is without sufficient information to form a reasonable belief regarding the truth or falsity of the remaining allegations of this paragraph, and, therefore, they are denied.

11. In response to the allegations contained in paragraph 11, Defendant admits that Plaintiff entered into a settlement with the Agency that was approved by the MSPB in December of 2003. Defendant is without sufficient information to form a reasonable belief regarding the truth or falsity of the remaining allegations of this paragraph, and, therefore, they are denied.

12. Defendant is without sufficient information to form a reasonable belief regarding the

truth or falsity of the allegations contained in paragraph 12, and, therefore, they are denied.

13. Defendant is without sufficient information to form a reasonable belief regarding the truth or falsity of the allegations contained in paragraph 13, and, therefore, they are denied.

14. Defendant is without sufficient information to form a reasonable belief regarding the truth or falsity of the allegations contained in paragraph 14, and, therefore, they are denied.

15. Defendant is without sufficient information to form a reasonable belief regarding the truth or falsity of the allegations contained in paragraph 15, and, therefore, they are denied.

16. In response to the allegations contained in paragraph 16, Defendant admits that Plaintiff's term appointment ended on September 30, 2005. Defendant is without sufficient information to form a reasonable belief regarding the truth or falsity of the remaining allegations of this paragraph, and, therefore, they are denied.

17. Defendant denies the allegations contained in paragraph 17.

18. In response to the allegations contained in paragraph 18, Defendant admits that Plaintiff was required to undergo a background investigation when she returned to work at the Agency in January 2005. Defendant denies the remaining allegations of this paragraph.

<u>Final Two Unnumbered Paragraphs</u>.  Defendant denies all allegations of discrimination and retaliation contained in these paragraphs.  The remainder of these paragraphs constitute Plaintiff's request for relief, to which Defendant is not required to respond, except to aver that Plaintiff is not entitled to any relief whatsoever.

Respectfully submitted,

\_\_\_/s\_/_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


\_\_\_\_/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


\_\_/s/_____
ALEXANDER D. SHOAIBI,
Assistant United States Attorney
5O1 Third Street, N.W., Rm E-4218
Washington, D.C.  20530
(202) 514-7236

## CERTIFICATE OF SERVICE

I hereby certify that on this **8th** day of November, 2007, I caused the foregoing **Answer** to be served on plaintiff, postage prepaid, addressed as follows:

>Betty Jean Turner
>3273 Amazon Lane
>Laurel, MD 20724

/s/
ALEXANDER D. SHOAIBI
Assistant United States Attorney