UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BETTY JEAN TURNER,** ) | |
| ) | |
| **Plaintiff pro se,** ) | |
| ) | |
| v. ) | C. A. No. 07-1105 (RMU) |
| ) | |
| **MICHAEL CHERTOFF, Secretary,** ) | |
| **Department of Homeland Security,** ) | |
| ) | |
| **Defendant.** ) | |

**DEFENDANT'S LOCAL RULE 16.3 REPORT**

Defendant, by counsel, hereby provides this report under Local Rule 16.3. Although undersigned counsel attempted to contact Plaintiff pro se on several occasions in accordance with Local Rule 16.3, he was unable to do so because Plaintiff's telephone was disconnected. Prior to the filing of this report, undersigned counsel was able to leave a voice mail message for Plaintiff. As of the time of filing this report, Plaintiff pro se had not yet returned undersigned counsel's call.

Statement of the Case

Defendant's statement: This case is a breach of settlement agreement claim stemming from a prior administrative Title VII case. In her administrative Title VII case, Ms. Turner claimed that she had been subjected to race discrimination when the Department of Homeland Security ("the agency") removed her from federal service. Ms. Turner appealed her removal to the Merit Systems Protection Board (MSPB). Before the MSPB issued its decision on the appeal, the agency and Ms. Turner entered into a settlement agreement with several terms, including the stipulation that the agency would remove all references to the removal action from Ms. Turner's

Official Personnel Folder (OPF). Ms. Turner now asserts a Title VII reprisal claim alleging that she found a partially handwritten form in her OPF making reference to her removal and three printed Standard Form 50s showing "cancellation" of her removal. The MSPB properly analyzed this case as an enforcement action claiming breach of a settlement agreement and found that the agency did not breach the settlement agreement. The MSPB found that Ms. Turner's allegations were "implausible...imprecise and designed to confuse." In fact, after the agency proved that the document alleged by Plaintiff to have been altered was, in fact, not authentic, Ms. Turner admitted that she altered the form in her OPF to make it resemble the document she alleges seeing in her file. The agency complied with the settlement agreement by removing all references to Ms. Turner's removal from her OPF, and the agency did not retaliate against Ms. Turner by including such documents in her OPF.

Matters to be addressed under Rule 16.3(c):

1. <u>Dispositive motion</u>: Defendant believes this case can be disposed of by a dispositive motion prior to the conducting of any discovery.

2. <u>Joinder, amendments, narrowing of issues</u>: No other parties are anticipated by Defendant No amendments to the pleadings are anticipated by Defendant.

3. <u>Magistrate judge</u>: Defendant does not agree to assignment of this case to a magistrate judge for any purposes.

4. <u>Possibility of Settlement</u>: Defendant believes that settlement is unlikely.

5. <u>Alternative Dispute Resolution</u>: Defendant is not interested in Alternative Dispute Resolution at this point.

6. <u>Motions</u>: Defendant believes this case is suitable for a dispositive motion, and that

dispositive motions should be filed within forty-five days of the scheduling conference (February 29, 2008). Oppositions should be filed thirty days thereafter (March 31, 2007), and replies filed within fifteen days of the oppositions (April 15, 2008).

7.   Initial Disclosures: Defendant wants to dispense with initial disclosures.

8.   Discovery: Because of the extensive administrative file in this case, it is Defendant's position that discovery in not necessary.

9.   Experts: Defendant does not believe it will need an expert witness at this time.

10.   Class Actions:  N/A.

11.-13. Trial: Defendant does not request a bifurcated trial.  Defendant proposes that a pretrial date be set at the close of all discovery, and after the resolution of any final dispositive motion, and that a trial date be scheduled for 30-60 days after the pretrial conference date.

Respectfully submitted,

_____//_____
JEFFREY TAYLOR, D.C. Bar #498610
United States Attorney
_____//_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Chief, Civil Division


_____//_____
ALEXANDER D. SHOAIBI, D.C. Bar #423587
Assistant United States Attorney
Civil Division
555 4th Street, NW
Room 4218E
Washington, DC 20530
(202) 514-7236

Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this **8th** day of January, 2008, I caused the foregoing **Defendant's Local Rule 16.3 Report** to be served on plaintiff, postage prepaid, addressed as follows:

        Betty Jean Turner
        3273 Amazon Lane
        Laurel, MD 20724

          /s/
        ALEXANDER D. SHOAIBI
        Assistant United States Attorney