UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BETTY JEAN TURNER,                )
                                  )
Plaintiff, pro se,                )
                                  )
v.                                )
                                  )
                                  )
                                  ) C. A. No. 07-1105 (RMU)
                                  )
MICHAEL CHERTOFF, Secretary,      )
Department of Homeland Security,  )
                                  )
Defendant.                        )

## PLAINTIFF'S LOCAL RULE 16.3 REPORT

The Defendant's response does not include a joint response from both parties, and it is one that the Plaintiff does not agree with for several reasons stated below.

**Statement of the Case**

Plaintiff's Statement: It is not agreed on that in the DHS U.S. Attorney Shoaibi response dated 8 January, 2008 to the court, in several different instances, asserts the Plaintiffs complaint as one that has been decided upon, and a decision rendered in the past. That is just not true. The Plaintiff's most recent complaint to the U.S. District Court is based upon the Agency's (DHS) continued reprisal and retaliation, and its desire to prevent Plaintiff from employment and promotion when she returns back to work after a settlement agreement compiled with the Merit Systems Protection Board (MSPB) in December, 2003, which her last formal complaint emphasizes.

**RECEIVED**

JAN 1 5 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

The settlement agreement stated explicitly that there would not be any reference regarding the proposed removal in Plaintiffs official personnel file, but there was when Ms. Turner looked through her file in August, 2004. When Ms. Turner discovered the written reference or SF-50 regarding the Removal, she filed an enforcement complaint with the MSPB.

Since the time of filing the enforcement to the MSPB, Plaintiff discovered her own office continuing acts similar to that of the previous office in preventing her from employment and promotion, when she discovered that her current supervisors were friends of the formal supervisors, and exuded acts similar in nature to her previous complaint. Plaintiff had since added those items entitled continued retaliation to her complaint and forwarded it to the EEOC for which the Departments' EEO office did not respond timely to, and plaintiff asked the EEOC to take complaint as a formal complaint for which was noted and recorded by the EEOC as a formal complaint in May, 2005.

When the Agency (DHS) heard from the EEOC in 2005, they then presented forms to Plaintiff regarding the filing of a formal complaint. When Plaintiff asked the Agency's EEO Director (Mr. Jerry Jones) if she would need to fill out the forms to request a formal complaint again after already writing a letter to request complaint become "formal" along with her facts of reprisal and retaliation, the Agency's EEO Director said "No", she did not need to file a formal complaint again (and fill out the paperwork). Plaintiff found out later that she was ill advised by the Agency's EEO office. This shows another form of

reprisal by the Agency to misinform Plaintiff to the Agency's benefit, by ill advising her that she did not have to complete the Request for Formal Complaint form.

After the EEOC assigned a Case Number to Ms. Turner's Complaint of Reprisal and Retaliation in 2006 (after about one year of her initial filing), the Agency decided to complete a formal investigation, and they finally rendered a decision.

In the meantime, and before the Agency's formal decision was rendered, the formal complaint process had begun with the EEOC, for which the Agency asked the EEOC to dismiss for lack of jurisdiction because the case had been considered and a decision rendered. In turn, the EEOC dismissed the case for MSPB determination of jurisdiction. The MSPB determined that jurisdiction was not theirs, after the Agency rendered a decision regarding the complaint, and then issued Plaintiff a "Right to Sue" letter.

After such turn of events by the Agency to discredit Plaintiff's complaint, and to disregard any wrong doings by the Agency, the Plaintiff chose to forward her complaint to the U.S. District Court for a fair review, hearing and decision.

**Matters to be Addressed under Rule 16.3(c):**

1. <u>Dispositive motion</u>: Plaintiff believes this case can not be disposed of by a dispositive motion prior to the conducting of any discovery.

2. <u>Joinder, amendments, narrowing of issues</u>: Other parties are anticipated by Plaintiff. Amendments to the pleadings are anticipated by Plaintiff.

3. <u>Magistrate Judge</u>: Plaintiff does agree to the assignment of this case to a magistrate judge for any purposes.

4. <u>Possibility of Settlement</u>: Plaintiff believes that settlement is possible.

5. <u>Alternative Dispute Resolution</u>: Plaintiff is not interested in Alternative Dispute Resolution at this point.

6. <u>Motions</u>: Plaintiff believes this case is not suitable for a dispositive motion.

7. <u>Initial Disclosures</u>: Plaintiff does not want to dispense with initial disclosures.

8. <u>Discovery</u>: Plaintiff is requesting discovery and feels that it is necessary.

9. <u>Experts</u>: Plaintiff does believe that case will need an expert witness at this time.

10. <u>Class Actions</u>: N/A.

11.-13. <u>Trial</u>: Plaintiff does request a trial at the close of discovery.

Respectfully submitted,

*Betty Jean Turner*
Betty Jean Turner, Pro Se
14732 Myer Terrace
Rockville, MD 20853
301-460-2712 (Home)
240-354-7096 (Cell)

# CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of January, 2008, I caused the foregoing **Plaintiffs Local Rule 16.3 Report** to be served at Defendants, emailed address instead of certified mail as follows:

ALEXANDER D. SHOAIBI (Shoaibi, Alexander D. (USADC)"
<Alexander.D.Shoaibi@usdoj.gov>
Assistant United States Attorney

*Betty Jean Turner*

**Betty Jean Turner, Pro Se**
**14732 Myer Terrace**
**Rockville, MD   20853**
**301-460-2712 (Home)**
**240-354-7096 (Cell)**