UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
BETTY JEAN TURNER,                          )
                                            )
                Plaintiff,              )
                                            )
      v.                                        )    Civil Action No. 07-1105 (RMU)
                                            )
MICHAEL CHERTOFF, Secretary,                )
    Department of Homeland Security,           )
                                            )
               Defendant.              )
_____)

## JOINT LOCAL RULE 16.3 REPORT

      Plaintiff Betty Jean Turner, by counsel, and Defendant Michael Chertoff, by counsel, respectfully submit this joint report pursuant to Local Rule 16.3. This joint report supersedes the individual Local Rule 16.3 reports dated January 8, 2008 (Defendant) and January 14, 2008 (Plaintiff).

### BACKGROUND

Plaintiff's Preliminary Statement

      Betty Jean Turner is an African American former employee of the U.S. Coast Guard. On June 19, 2007, she filed this action *pro se* because her former supervisors had illegally engaged in retaliatory action after she had been engaged in protected activity under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. On February 28, 2008, this Court appointed the law firm of Wilmer Cutler Pickering Hale and Dorr as counsel in a pro bono capacity and subsequently allowed Plaintiff to file an amended complaint. Plaintiff's Amended Complaint was filed on April 30, 2008 and the Defendant served an Answer on June 2, 2008.

Defendant's Preliminary Statement

Plaintiff is a former GS-11 Program Analyst at the U.S. Coast Guard. In March 2003, Plaintiff was removed from her position for unsatisfactory performance. Plaintiff filed an appeal with the Merit Systems Protection Board (MSPB). The MSPB appeal was settled on the terms that Plaintiff would, among other things, return to work in a temporary position. Plaintiff returned to work at the Coast Guard in a temporary billet, which was twice extended to accommodate Plaintiff. Nonetheless, the temporary billet expired. Plaintiff no longer works for the U.S. Coast Guard. Plaintiff has filed this action alleging that her supervisors over the temporary billet violated Title VII of the Civil Rights Act by retaliating against her for her prior protected service when her temporary billet expired without being converted to a permanent billet. Defendant denies these allegations.

## ISSUES TO BE ADDRESSED BY LOCAL RULE 16.3

Pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure, the parties conferred on June 12, 2008 to discuss the following matters:

1. <u>Dispositive Motions</u>

    Plaintiff does not believe that this case can be disposed of by a dispositive motion.

    The Defendant believes the case can be disposed of by a dispositive motion at the end of fact discovery.

2. <u>Joinder, amendments, narrowing of isssues</u>

The parties do not anticipate other parties or further amendments. The parties both agree to confer 60 days from the scheduling conference held on June 24, 2008, to discuss whether the factual and legal issues can be agreed upon or narrowed.

3.  Magistrate Judge

The parties do not agree to assignment of this case to a magistrate judge.

4.  Possibility of Settlement

The parties believe settlement of the case is a possibility.

5.  Alternative Dispute Resolution (ADR)

The parties are open to the use of Alternative Dispute Resolution and have discussed ADR with their clients. The parties propose that if mediation occurs it runs parallel to discovery.

6.  Motions

Plaintiff does not believe this case can be resolved by summary judgment.

Defendant believes that the case can be resolved by summary judgment.

The parties agree that any motion for summary judgment should be filed within 60 days of the close of fact discovery. Opposition to the motion should be filed thirty days thereafter and any reply filed within fifteen days of the opposition.

7.  Initial Disclosures

The parties agree to dispense with initial disclosures.

8.  Discovery

The parties agree that the fact discovery period should run until November 30, 2008 and propose no limitations to discovery. Plaintiff currently anticipates deposing the following current or former U.S. Coast Guard employees as witnesses: Ronald T. Hewitt, Patrick

Hannifin, Daniel Christovich, and Barbara McCauley. Plaintiff also anticipates document discovery, including electronic communications between the fact witnesses during the time of Plaintiff's employment at the Coast Guard's Office of Information Technology. Plaintiff reserves the right to depose the Coast Guard's document custodian pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure as well as the right to depose further relevant parties that are identified based on information received during discovery.

Defendant anticipates deposing Plaintiff as well as any witnesses she may bring to support compensatory damages in this case. Defendant also anticipates document discovery with regard to compensatory damages.

9.  <u>Experts</u>

The parties agree there is no need to modify Rule 26(a)(2) of the Federal Rules of Civil Procedure.

10. <u>Class Action</u> – Not Applicable

11-13. <u>Trial</u>

The parties do not request bifurcation of the trial or discovery nor management in phases. The parties propose that a pretrial conference date be set by the court at the close of all discovery and after resolution of any dispositive motion. The parties also propose that a trial date be scheduled for 30-60 days after the pretrial conference date.

## DISCOVERY PLAN

Plaintiff and Defendant propose the following discovery plan.

Proposed Schedule in <u>Betty Jean Turner v. Michael Chertoff</u>

| | |
|---|---|
| Scheduling Conference | 06/24/08 |
| Close of Fact Discovery | 11/30/08 |
| Dispositive Motions | 01/29/09 |
|    Opposition | 03/02/09 |
|    Reply | 03/17/09 |
| Pretrial Conference | Set by Court |
| Trial | 30-60 days from Pretrial Conference |

Respectfully submitted,


/s/ Hartmut Schneider
_____
William J. Kolasky (DC Bar # 217539)
Hartmut Schneider (DC Bar # 499258)
Michael O. Loatman (DC Bar # 500484)
WILMER CUTLER PICKERING HALE
AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
(202) 663-6948
(202)663-6363 fax

Counsel for Plaintiff
Dated:  June 17, 2008                                   Betty Jean Turner


/s/ Jeffrey A. Taylor
_____
Jeffrey A. Taylor (DC Bar # 498610)
United States Attorney

/s/ Rudolph Contreras
_____
Rudolph Contreras (DC Bar # 434122)
Assistant United States Attorney

/s/ Alexander D. Shoaibi
_____
Alexander D. Shoaibi
Assistant United States Attorney
501 Third Street, N.W., Rm E-4218
Washington, DC 20530
(202) 514-7236

Counsel for Defendant
Dated:  June 17, 2008                                   Michael Chertoff